IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIMON NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-920-C |
| | ) | |
| WARDEN H.A. LEDEZMA and | ) | |
| FCI-EL RENO, OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action should be summarily dismissed without prejudice for failure to effect timely service.

The Plaintiff is a federal prisoner who obtained leave to proceed *in forma pauperis*. In light of this status, the United States Marshals Service is available to serve the summons and complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); General Order 08-2, *In re Service of Summons in Pro Se Cases* (W.D. Okla. Oct. 3, 2008) (*en banc*). But service remains the Plaintiff's ultimate responsibility and Mr. Newton bears the obligation to provide the marshals with the required documents.[1] Accordingly, the Court sent the service forms to the Plaintiff and instructed him to fill them out and return them to the clerk within 30

---

[1] *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

days.[2]  Mr. Newton has refused to fill out the forms, and the action has remained at a standstill.

The Plaintiff has objected to the Court's orders, complaining of judicial bias regarding the instructions as a ploy to compel dismissal. The accusations are not true. The marshals need to know where to serve the summons. Thus, when they are called to serve a summons, the plaintiff must complete the form and return it to the court clerk. In turn, the clerk will give the form to the marshals and direct them to serve it. The Plaintiff's duty is minimal, but essential for the marshals to effect service. Inexplicably, Mr. Newton has adamantly refused to fill out the summons.[3] Thus, the marshals have been unable to effect service and the Plaintiff's deadline expired on January 14, 2009.

Recognizing that Mr. Newton is *pro se*, the Court *sua sponte* extended his deadline to February 4, 2009, and reminded him that failure to timely comply could result in dismissal.

---

[2]     In directing service, the Court stated:

> The Court Clerk shall mail the necessary service forms to Plaintiff and file-stamped copies of the complaint. Plaintiff shall return all service papers, fully executed, to the Court Clerk within 30 days of the present order. The failure to timely comply with these deadlines could result in dismissal of the action.

Order Requiring Service at pp. 1-2 ¶ 1 (Sept. 16, 2008). The Court Clerk mailed service papers shortly thereafter and stated on the cover page that the Plaintiff was to execute the documents and return them.

[3]     *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) (*per curiam*) ("The IFP plaintiff is . . . required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms.").

Order (Jan. 15, 2009). Mr. Newman again refused to fill out the forms and repeated his charges of judicial bias.

The Court has explained the need to complete the forms before the action can proceed. For example, when the Court directed Mr. Newton to complete the service forms and he refused with charges of judicial bias, the undersigned explained that the action could not proceed without return of the forms:

> Mr. Newman states that he is waiting to see whether the Court will issue an unfavorable order. However, the Court cannot acquire jurisdiction over the other parties until the Plaintiff effects service of process and he apparently does not believe that he has to effect service. As stated above, the marshals are available to effect service of process, but the Plaintiff is obligated to cooperate with them so that they can provide the necessary assistance. If the Plaintiff does not wish to cooperate, that is his prerogative. But the case cannot proceed without service of process.

Order at p. 2 (Sept. 30, 2008).

The Court has given Mr. Newton more than the statutory time for service, extended the deadline on its own, and explained the Plaintiff's minimal responsibility. He refuses to fill out the service forms regardless of how much time he is given. In these circumstances, dismissal without prejudice is necessary under Fed. R. Civ. P. 4(m) and 41(b).

In considering the available options, the Court has *sua sponte* considered the possibility of a further extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). This inquiry is guided by three factors: (1) the statute of limitations; (2) the intricacies of service on the United States; and (3) the possibility of evasion of service. *See id*. at 842. These factors would not support a further extension of time for Mr. Newton.

The Plaintiff states that he went to FCI-El Reno less than a year ago,[4] and the limitations period for a *Bivens* action is two years.[5] Thus, dismissal without prejudice would not prevent timely initiation of a new *Bivens* suit.

Service of process does involve a federal officer and a federal prison. But when the Court ordered service, it specifically pointed out the special requirements for service under Fed. R. Civ. P. 4(i). *See* Order Requiring Service at p. 1 ¶ 1 (Sept. 16, 2008) ("The Court notes that the Plaintiff must comply with Fed. R. Civ. P. 4(I) with regard to service."). As discussed above, the lack of service here did not result from the complexity of service on the United States.

Finally, there is no suggestion of evasion of service by the defendants.

In these circumstances, a *sua sponte* grant of additional time is not appropriate. Regardless of how much time is given, the Plaintiff would apparently refuse to complete the service forms and return them to the clerk. The problem here stems from the Plaintiff's refusal to comply with the Court's orders rather than a shortage of time. Accordingly, the action should be dismissed without prejudice to refiling.

The Plaintiff is advised of his right to object to this report and recommendation by February 26, 2009. *See* W.D. Okla. LCvR 72.1. If the Plaintiff does object, he must file a

---

[4]   Complaint Under 42 USC §1983, Civil Rights Act at p. 5 (E.D. Tex. July 14, 2008) ("On or about Feb. 14, 2008, I was transferred to FCI-El Reno and housed there in Special Housing Unit (SHU).").

[5]   *See Alvarez v. Gonzales*, 155 Fed. Appx. 393, 397 (10th Cir. Nov. 10, 2005) (unpublished op.) (stating that the limitations period is two years for a *Bivens* action arising in Oklahoma).

written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is terminated.

Entered this 6th day of February, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge