IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIMON NEWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-08-920-C |
| ) | |
| WARDEN H.A. LEDEZMA, and ) | |
| FCI-EL RENO, OKLAHOMA, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On February 6, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation (R&R) in this 42 U.S.C. § 1983 action. Judge Bacharach recommended that Plaintiff's claim be dismissed for failure to comply with Orders regarding timely and properly effecting service of process on Defendants.

This matter was transferred to this Court from the Eastern District of Texas. Upon arrival, it was referred by the undersigned to Judge Bacharach for preliminary proceedings. On September 16, 2008, Judge Bacharach noted that Defendants had not been served and directed Plaintiff to complete the forms necessary for service by the U.S. Marshals Service. Plaintiff objected and refused to complete the necessary forms. Judge Bacharach then issued a thorough Order explaining the steps necessary for proper service and giving Plaintiff additional time in which to comply or dismiss his action. Plaintiff took no action. Well after the deadline, Judge Bacharach noted that service had not been made on Defendants within the time limits set by Fed. R. Civ. P. 4(m). Judge Bacharach then granted Plaintiff additional time in which to effect proper service. Plaintiff again objected arguing because he is in

forma pauperis he is not required to act as directed by Judge Bacharach. Judge Bacharach then issued the R&R presently under review. In that R&R, Judge Bacharach recommends dismissal of Plaintiff's Complaint for failure to timely and properly serve Defendants. Plaintiff objects with an unnecessary attack on Judge Bacharach alleging bias, prejudice, and misconduct.

Plaintiff has repeatedly abused and improperly accused Judge Bacharach of various nefarious actions. Plaintiff's pleadings are nothing more than impermissible ad hominem attacks on a member of the judiciary. Such conduct will not be tolerated. The Tenth Circuit has clearly established the power of the Court to address such writings:

> Plaintiff's briefs on appeal do little more than attempt to impugn (without basis) the integrity of the district judge. Such writings are intolerable, and we will not tolerate them. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." United States v. Shaffer Equip. Co., 11 F.3d 450, 461 (4th Cir. 1993). "[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.1981) (citing Fed. R. Civ. P. 12(f) ("[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")). In Theriault v. Silber, 579 F.2d 302 (5th Cir. 1978), the court dismissed an appeal with prejudice because the appellant's notice of appeal contained "vile and insulting references to the trial judge." Although recognizing the leniency typically given to pro se plaintiffs, the court stated: "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." Id. at 303. See also Carrigan v. California State Legislature, 263 F.2d 560, 564 (9th Cir. 1959) ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant

> . . . as either scandalous, impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this Court.").

Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). The Court is empowered, then, to strike Plaintiff's Objection and dismiss his action as recommended by Judge Bacharach.

However, even without doing so, the same result would be obtained. Plaintiff states that he has now completed the required forms and included them with his objection. Plaintiff's assertion is incorrect. Although Plaintiff has returned the Form USM-285 requesting service of process by the U.S. Marshal, he has failed to complete the Pro Se Litigant's Request for Issuance of Summons and the summonses themselves, and failed to provide an appropriate number of copies of the Complaint for service. Judge Bacharach has repeatedly explained the steps necessary for Plaintiff to obtain proper service, yet he refuses to listen.

Pursuant to Fed. R. Civ. P. 4(b) all parties, including those proceeding in forma pauperis, must obtain a summons from the Court Clerk. In requesting a summons, all parties must provide the Court Clerk with the required information about the Defendants. See Fed. R. Civ. P. 4(a). This process is achieved by completing a Pro Se Litigant's Request for Issuance of Summons form. Once the summonses are issued by the Court Clerk, it is necessary to serve them along with a copy of the Complaint on each Defendant. See Fed. R. Civ. P. 4(c)(1). Because Plaintiff is proceeding in forma pauperis, he is entitled to have service made by the U.S. Marshal. However, there is no obligation on the Marshal until

such time as Plaintiff has undertaken the proper steps to have the summonses issued. Because Plaintiff refuses to comply with the requirements of Rules 4(a) and (b), there is nothing that the Court can provide to the Marshal, service cannot be completed and the Court must dismiss Plaintiff's case as required by Fed. R. Civ. P. 4(m).

Upon *de novo* review, the Court ADOPTS in full the Report and Recommendation (Dkt. No. 9) issued by the Magistrate Judge on February 6, 2009. This matter is DISMISSED without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 9th day of March, 2009.

ROBIN J. CAUTHRON
United States District Judge